SAMUEL F. BLACK *v*. LEWIS K. McCOY.

**Payment—Receipt in Full.**

A receipt in full by an attorney for professional services rendered, with full knowledge and in the absence of fraud or mistake, is conclusive as to the rights of the parties.

APPEAL FROM KENTON CIRCUIT COURT.

March 24, 1874.

OPINION BY JUDGE PRYOR:

There is no doubt but what a receipt for the payment of money may be explained by parol proof, and even when it purports to be a receipt in full, may be explained or resisted upon the ground of fraud or mistake, or by showing, in some cases, that it applied to a settlement of a particular branch of business in which the parties to it were engaged; but when a receipt in full is executed with a full knowledge of all the facts and circumstances connected with its execution, as well as a knowledge of its legal effect, we cannot well see how it is to be disturbed.

Here is a receipt in full for professional services to the 15th of September, 1870. "Received of Lewis K. McCoy the sum of two hundred dollars in full for services professional to date, September 15, 1870. S. F. Black." Stanton says: "It has been held that a receipt in full of all demands, is conclusive in the absence of mistake," and again, "A receipt in full, given with a full knowledge of all the circumstances, and in the absence of fraud, seems to be conclusive." 2 Stark. Ev. 704. In this case the appellee was controverting the right of the appellant to demand of him any other payment for professional services than the sums already received.

He says that on the bridge between Cincinnati and Covington, it was agreed between himself and Black, that this two hundred dollars should be and is full discharge of his claim for professional services. The two hundred dollars was sent by a friend of appellee, who informed the appellant of the character of the payment he was about to make, and that McCoy demanded a receipt in full. The money was received by the appellant, and a receipt in full exe-

cuted, but the party paying was told to say to McCoy that such was not the legal effect by the laws of Ohio. The money was received, and the demand of McCoy complied with by the execution of a receipt in full, with a mental reservation or suggestion by the attorney as to its legal effect, of which McCoy was in utter ignorance, and seems never to have known.

The appellant, according to his own statement, executed the paper not intending to regard it as binding, for the reason, as he says, that it was the only way in which he could obtain money from his client. This client, the proof shows, was a man of wealth, with property of sufficient value to pay any such claim as the appellant was then asserting. It is true the evidence conduces to show that McCoy was adverse to paying his lawyers for their labor in securing him his estate, or even in saving his neck from the halter; but this affords no excuse for the attorney to resort to such stratagem as is manifested here, to obtain money from an obstinate and ungrateful client.

It seems also, from the facts in this case, that the appellant, who now says that he was an attorney in the actions by the appellee to recover his real estate in Kentucky and Illinois, accepted a fee of $1,000 to defend a suit brought by Fisk & Son against the appellee for $500 for services rendered as the leading attorney in the Kentucky case, and although unsuccessful in his defense, has received his fee. It is now attempted to be shown that the appellant was a leading attorney in the very case in which he attempts to defeat the claim for professional services rendered by Fisk & Son, associated with him, as he says, in behalf of the appellee. Fisk & Son were really the attorneys in the Kentucky case, and those upon whom the appellee depended; not only so, but they conducted the case in and out of court from its inception to its termination, and when the name of the appellant appears, it is only to be ascertained that he is an important witness. In addition to all this, the receipt in full was executed a few days before the judgment was rendered in Kentucky, and was evidently intended to embrace all claims against the appellee, with the mental reservation on the part of the attorney that he did not intend to abide his own action. His frequent appeals by letter to the appellee for the loan of money long after many of the services had been rendered, indicates clearly that he then held no valid claim against the appellee, or at least none

that he intended to assert. We concur with the court below in his judgment dismissing the petition.

Judgment affirmed.

*Fisks,* for appellant.

*O. B. Hallam,* for appellee.